979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra D. PATTERSON; Robbie S. Townsend; Ila C. Tuttle;
Thomas G. Davis, Jr.; James L. Davis; Jody B.
Davis; Plaintiffs-Appellees,
Evelyn C. Davis, Intervening Plaintiff-Appellant,
v.
INVO SPLINE, INCORPORATED PROFIT SHARING PLAN & TRUST, A
Trust established for the benefit of the employees
of a Michigan Corporation, Defendant.
 No. 92-1138.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 1
 Before BOGGS and SILER, Circuit Judges, and LAMBROS, Chief District Judge.*
 
 ORDER
 
 2
 Intervening plaintiff-appellant, Evelyn C. Davis, appeals from the district court's award of summary judgment in favor of the plaintiffs-appellees. The parties have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This case was brought by plaintiffs to recover funds held in the Invo Spline, Inc., Profit Sharing Plan and Trust (Trust). Plaintiffs are the children of Thomas G. Davis, deceased. Evelyn C. Davis, the intervening plaintiff-appellant, is the surviving spouse of Thomas G. Davis. She, too, claimed to be entitled to the money held in trust. The Trust fully acknowledges its obligation to pay, and asks the court to direct it as to whom the money should be delivered.
 
 
 4
 The district court held that Evelyn Davis was collaterally estopped from re-litigating the issue of whether she aided and abetted the intentional and felonious killing of her husband, citing United States v. Sandoz Pharmaceuticals Corp., 894 F.2d 825, 826-27 (6th Cir.), cert. denied, 111 S.Ct. 45 (1990). The court concluded that Evelyn Davis should not be allowed to receive any benefits under the Trust, as though she predeceased her husband. Mich.Comp.Laws Ann. § 700.251(3) and (5). From that judgment, Evelyn Davis appeals.
 
 
 5
 Upon review, we find no error. Davis argues on appeal that the district court's award of summary judgment must be reversed if the prior case, in which the factual basis for the collateral estoppel was litigated, is reversed on appeal. Inasmuch as this court affirmed the judgment of the district court in the prior case in which the factual basis for the collateral estoppel was litigated, Davis v. Connecticut Life Ins. Co., Nos. 91-1380/2194, 1992 WL 139652 (6th Cir. June 22, 1992), Davis's argument on appeal lacks merit.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas D. Lambros, Chief U.S. District Judge for the Northern District of Ohio, sitting by designation